IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-22-D |
| ) | (No. CIV-23-388-D) |
| JATARVIS MANDEZ PRATT, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 52].

Defendant seeks relief from his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and a 72-month prison sentence based on claims of ineffective assistance of counsel. Defendant pled guilty on June 14, 2021. His sentence was imposed February 14, 2022, and the judgment was entered February 15, 2022.

The Court raises *sua sponte* the issue of whether the Motion is time barred by the one-year limitations period of § 2255(f). *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court may consider *sua sponte* the timeliness of a habeas petition); *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (unpublished) (applying *Day* to a § 2255 motion). Upon preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court previously directed Defendant to show cause why his Motion should not be dismissed as time barred [Doc. No. 53]. Because Defendant did not file an appeal, Defendant's judgment became final on March 2, 2022. *See United States v.*

*Burch*, 202 F.3d 1274, 1277 (10th. Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); FED. R. APP. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). Absent tolling, Defendant's one-year deadline to file his Motion expired on March 2, 2023. Defendant did not file his Motion until May 3, 2023, more than two months after the one-year time limit of § 2255(f)(1) expired.

"Under the doctrine of equitable tolling, [the Tenth Circuit] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.'" *United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Defendant's Response to the Court's Order to Show Cause [Doc. No. 54] does not contain facts that might justify equitable tolling of the statute of limitations for more than two months. In his Response, Defendant provides three reasons for his delayed Motion: Defendant's movement between facilities; an unspecified number of lockdowns at Beaumont Penitentiary (BMP); and a general lack of legal assistance. None of these circumstances warrant a finding that Defendant's Motion should be deemed timely.

First, Defendant asks the Court to deem his Motion timely due to his increased movement between facilities. Attached to Defendant's Response is his Inmate History.

Aside from escorted visits to a local hospital, Defendant's Inmate History shows that Defendant was at his assigned facility, BMP, from April 29, 2022, to March 29, 2023. As Defendant's Motion was due on or before March 2, 2023, Defendant's movements in late March and April of 2023 are irrelevant and cannot be deemed an "extraordinary circumstance" that kept Defendant from filing a timely motion. Nor has Defendant even attempted to show that he diligently pursued his rights before, during, and after the alleged hindrance of moving between facilities. *See Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (unpublished) (rejecting equitable tolling where the petitioner failed to show he diligently pursued his rights before the alleged obstacle of COVID-19 restrictions went into place).

    Next, Defendant seeks relief based on an unspecified number of lockdowns at BMP. "The mere fact of a prison lockdown, moreover, does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition." *Phares v. Jones*, 470 F. App'x 718, 719 (10th Cir. 2012) (unpublished); *see also Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished); *Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished). Defendant has not stated the number or duration of BMP's lockdowns; how the lockdowns affected Defendant's ability to file a timely motion; or the steps Defendant took to diligently pursue his rights in the face of BMP's lockdowns. Defendant's vague allegation of prison lockdowns, without more, does not entitle Defendant to equitable tolling.

    Finally, Defendant generally alleges a "lack of legal assistance." However, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner,

3

generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks and citation omitted). Without more, Defendant's generic reference to a lack of legal assistance does not warrant equitable tolling.

Because Defendant has failed to provide a basis for equitable tolling or any other relief that would render Defendant's Motion timely, the Court finds that his Motion is time barred and must be dismissed. Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 52] is **DISMISSED**. A judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, where a claim is dismissed on procedural grounds without reaching the merits, a petitioner must also show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the

Court finds this standard is not met in this case. Therefore, a COA is **DENIED**, and the denial shall be included in the judgment.

**IT IS SO ORDERED** this 22nd day of June, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge